## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, | ) | |
| 2400 Research Boulevard | ) | |
| Rockville, Maryland 20850, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:16-cv-2988 |
| | ) | |
| ALLAN BRITEWAY ELECTRICAL | ) | |
| CONTRACTORS, INC. | ) | |
| a New Jersey corporation, | ) | |
| 130 Algonquin Parkway | ) | |
| Whippany, NJ  07981, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

1.      This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to compel Defendant Allan Briteway Electrical Contractors, Inc., to provide NEBF's auditor with access to payroll records as Defendant is required to do under the provisions of its collective bargaining agreements and the NEBF plan documents.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e).  Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3)

and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145.  Venue is proper because the NEBF is

administered within this district.  ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.      This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-

Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining

agreement between an employer and a labor organization.


## PARTIES

4.      The NEBF is a multiemployer employee pension benefit plan within the meaning

of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement

entered into between the International Brotherhood of Electrical Workers ("IBEW") and the

National Electrical Contractors Association ("NECA").  Employers agree to participate in the

NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local

unions.  The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland

20850-3238.

5.      Defendant is an employer engaged in an industry affecting commerce, is

contractually and legally obligated to submit contributions to the NEBF, and is an employer within

the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief,

Defendant is a New Jersey corporation whose main place of business is 130 Algonquin Parkway,

Whippany, New Jersey 07981.


## STATEMENT OF CLAIM

6.      Defendant is a signatory, and has been a signatory continuously during all relevant

periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with the

IBEW Local Union 102 as the collective bargaining representative of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

7.      Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8.      Pursuant to the provisions of the Collective Bargaining Agreements and the NEBF Trust Agreement, Defendant is require to provide access to the records necessary for the NEBF to determine whether or not Defendant complied with its obligation to the NEBF.

9.      Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEBF Trust Agreement, Defendant failed to allow the NEBF to complete an audit of Defendant's books and records after demand for audit was made upon Defendant.

10.     Pursuant to the Collective Bargaining Agreements, the NEBF Trust Agreement and/or 29 U.S.C. § 11132(g)(D)(2), Defendant is obligated to pay the attorney, auditor fees, and court costs incurred by the NEBF in connection with the audit and this action to compel compliance.

11.     Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

12.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

3

13.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan bringing suit to recover delinquencies under Section 515 shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

14.     According to the Collective Bargaining Agreements, the Employees Benefit Agreement, and/or 29 U.S.C. § 11132(g)(D)(2),  Defendant is obligated to pay any contributions shown to be due upon completion of the audit, plus interest at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment require:

(a)     that Defendant provide NEBF with access to its payroll records within 10 days hereof for the period January 1, 2014 through December 31, 2014, so that the audit can be completed;

(b)     that Defendant be ordered to pay all contributions shown to be due and owing upon completion of the audit;

(c)     that Defendant be ordered to pay liquidated damages in the amount of 20% of  the contributions shown to be due and owing;

(d)     that Defendant be ordered to pay interest on all delinquent contributions shown to be due and owing at the rate of 10% per annum;

(e)     that Defendant be ordered to pay the attorney and auditor fees and costs incurred by NEBF; and

(f)     that NEBF be awarded its reasonable attorneys' fees and the costs of this action.

Plaintiff further prays that the Court grant such other legal and equitable relief as the Court deems appropriate.

Date:  August 26, 2016

*/s/ Jennifer Bush Hawkins*

Jennifer Bush Hawkins (13064)
POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
900 7th Street NW, Suite 1020
Washington, DC 20001-3888
(202) 223-0888
jhawkins@phk-law.com

*Attorneys for the*
*National Electrical Benefit Fund*